UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DON WILLIAMS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.  26-cv-00348 (APM)** |
| | ) | |
| DISTRICT OF COLUMBIA HOUSING | ) | |
| AUTHORITY, | ) | |
| | ) | |
| **Defendant.**[1] | ) | |
| | ) | |

ORDER

Plaintiff Don Williams brings several claims against his employer, Defendant District of Columbia Housing Authority (DCHA), stemming from his report of an alleged sex assault by a coworker. *See generally* Notice of Removal, ECF No. 1, Compl., ECF No. 1-2 [hereinafter Compl.]. Defendant moves to dismiss. Def.'s Mot. to Dismiss Pl.'s Compl., ECF No. 5. For the reasons that follow, the court grants Defendant's motion but will allow Plaintiff to replead.

The factual allegations in Plaintiff's complaint are limited.[2] Plaintiff is a DCHA Police Department officer. Compl. ¶¶ 3, 9. In December 2023, he "experienced a traumatic sexual assault by [a] fellow officer." *Id.* ¶ 13. He reported the incident to his supervisors, but they failed to address it. *See id.* ¶¶ 2, 5, 13–14. Instead, they placed Plaintiff on administrative leave, during and after which he "faced retaliation in the form of gossip, unfounded allegations of prior relationships with the assailant, and exclusion from workplace activities." *Id.* ¶¶ 13, 15. Upon

---

[1] Plaintiff named the "DC Housing Authority Police Department" as Defendant in his complaint. *See* Notice of Removal, ECF No. 1, Compl., ECF No. 1-2. The proper Defendant is the District of Columbia Housing Authority, so the court refers to Defendant as such. *See* Notice of Removal, ECF No. 1, at 1 n.1.

[2] At the motion-to-dismiss stage, the court accepts Plaintiff's factual allegations as true. *See, e.g.*, *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015).

return, Plaintiff also was assigned to less desirable roles when his commission expired "while other officers with expired commissions worked uninterrupted," was "exclu[ded] from professional opportunities," and had his work hours and overtime opportunities reduced. *Id.* ¶¶ 16–17, 20. Plaintiff reported this treatment as well, but Defendant did not act on it. *Id.* ¶ 18. Plaintiff alleges that Defendant's actions (or lack thereof) caused him to "experience[] heightened stress, anxiety, and feelings of isolation, which undermined his mental health and ability to perform his duties effectively." *Id.* ¶ 19; *see also id.* ¶ 81. Plaintiff also alleges professional and financial harm. *Id.* ¶¶ 19–21. Plaintiff asserts claims under both federal and D.C. law for sexual harassment, hostile work environment, discrimination, retaliation, intentional infliction of emotional distress, negligent supervision and retention, and failure to prevent harassment, discrimination, and retaliation. *Id.* ¶¶ 22–109.

Defendants move to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). To survive, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts do not, however, "assume the truth of legal conclusions, nor . . . accept inferences that are unsupported by the facts set out in the complaint." *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015) (internal quotation marks and citation omitted).

Plaintiff's allegations are "too vague and conclusory for the Court to conduct a meaningful analysis" of Defendant's motion. *Powers-Bunce v. District of Columbia*, 479 F. Supp. 2d 146, 158 (D.D.C. 2007). Plaintiff's complaint speaks only in broad strokes. More is required for the court to evaluate, let alone deny, a motion to dismiss. *See, e.g.*, *Hawthorne v. Rushmore Loan Mgmt. Servs., LLC*, No. 20-cv-393 (RDM), 2021 WL 3856626, at *8–9 (D.D.C. Aug. 30, 2021).

For example, Plaintiff alleges he suffered a "traumatic incident of sexual assault by [a] fellow officer." Compl. ¶ 13. A sufficiently severe single incident of sexual assault can rise to the level of creating a hostile work environment, *see Ayissi-Etoh v. Fannie Mae*, 712 F.3d 572, 580 (D.C. Cir. 2013) (Kavanaugh, J., concurring), but "even multiple instances of physical contact and sexual advances may not . . .," *Bergbauer v. Mabus*, 934 F. Supp. 2d 55, 77 (D.D.C. 2013). More is needed to assess Plaintiff's claim. Likewise, Plaintiff asserts generally that he faced "disparate treatment, including unfair scrutiny and unequal enforcement of policies," Compl. ¶ 97c, without describing, for instance, which policies were distinctly enforced. *See, e.g.*, *Mapp v. District of Columbia*, 993 F. Supp. 2d 22, 25–26 (D.D.C. 2013); *Budik v. Howard Univ. Hosp.*, 986 F. Supp. 2d 1, 7 (D.D.C. 2013). Plaintiff also alleges "reassignment to less desirable roles and exclusion from professional opportunities," Compl. ¶ 17, but fails to identify the roles and opportunities in question. *See, e.g.*, *Harbour v. Univ. Club of Wash.*, 610 F. Supp. 3d 123, 135–36 (D.D.C. 2022). Finally, Plaintiff asserts, without more, that "the retaliatory actions . . . were causally connected to Plaintiff's protected activity." Compl. ¶ 63. A bare legal conclusion is insufficient. *See Iqbal*, 556 U.S. at 678; *Hamilton v. Geithner*, 666 F.3d 1344, 1358 (D.C. Cir. 2012) (noting that courts must "evaluate[] the specific facts of each case to determine whether inferring causation is appropriate").

The court will allow Plaintiff to replead to provide additional facts. *See U.S. ex rel. Joseph v. Cannon*, 642 F.2d 1373, 1386 (D.C. Cir. 1981). Neither party should view this Order as any indication of how the court might rule on a more detailed pleading. Nor should Plaintiff necessarily view the above examples as exhaustive. Rather, the court is giving Plaintiff the opportunity to file an amended complaint to provide the particulars necessary to properly evaluate a motion to dismiss.

3

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 5, is granted, and Plaintiff's complaint is dismissed without prejudice. Plaintiff shall file his amended complaint on or before July 29, 2026.

Dated: July 15, 2026

Amit P. Mehta
United States District Judge

4